IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MANNO BEAM,                          )
                                     )
           Plaintiff,                )
                                     )
     v.                              )    1:18CV52
                                     )
KATY POOLE, et al.,                  )
                                     )
           Defendant(s).             )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not name proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Here, he does not explain how each Defendant violated his rights. Instead, it appears he seeks to hold them responsible based on supervisory liability, without setting out any facts regarding their involvement in the violation of his rights.

2. In his Complaint, Plaintiff seeks to recover for an alleged lack of adequate medical treatment, but in his attached Brief, Plaintiff appears to challenge the procedures for handling his legal mail, and also seeks to challenge a disciplinary proceeding and seeks restoration of "Good Time" credits. To the extent Plaintiff's challenge would result in the restoration of good-time credits, Plaintiff's allegations are not proper under § 1983. Instead, he must request the proper forms and file a habeas action under 28 U.S.C. § 2254. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical

confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). To the extent Plaintiff intends to allege only a claim for deliberate indifference to his serious medical needs, he should clarify the basis for his claim and identify as defendants the individuals actually responsible for the alleged violation of his constitutional rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

Plaintiff also submitted what the Court treated as Letter Motion [Doc. #3] to appoint counsel. The Court will deny that Motion in light of the recommendation of dismissal discussed above. The Court does not find any basis for appointment of counsel at this time in this case. *In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Letter Motion [Doc. #3] seeking an appointment of counsel is denied without prejudice to Plaintiff raising that motion again in any future case.

IT IS FURTHER ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 30th day of April, 2018.

           /s/ Joi Elizabeth Peake
        United States Magistrate Judge